## CIRCUIT COURT OF FAUQUIER COUNTY

Karen A. Tarnell

v.

Zoning Appeals Board
of the Town of The Plains

February 6, 2004

Case No. (Chancery) CH02-204

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court as a result of a Petition for Writ of Certiorari filed by the Petitioner, Karen A. Tarnell, on September 2, 2002, against the Board of Zoning Appeals for the Town of The Plains. The parties convened on September 23, 2003, in the Circuit Court. Opening statements were given by both counsel and upon request of counsel, previously granted, the Court conducted a view of the structure located in the Town. Upon the view, Petitioner rested and no evidence was offered by the Respondent. The Court had previously received a compendium of all the relevant documents in the case, which was submitted by the Petitioner and collectively received as Petitioner's 1. The Court also received by stipulation of the parties and placed in the Court's file on January 21, 2004, a statement by Margaret Ellison, a former owner of the subject property.

The Court received final argument of counsel and took the matter under advisement. This opinion follows.

The Petition concerns a decision of the Board of Zoning Appeals affirming a determination of the Zoning Administrator of the Town. The decision was the result of a unanimous vote on April 17, 2002, as witnessed by a final Order entered by Walter N. Munster, Chairman on August 5, 2002. A true copy of this Order is contained in Tab 3 of the Petitioner's Exhibits.

The Order concisely sets forth the facts of this proceeding, including the procedural history and the findings of facts made by the Board of Zoning Appeals, the law relied upon, and the conclusions reached.

There was no objection or disagreement taken by counsel for either side as to the procedural outline of the final BZA Order nor to the recitation of the factual history of this structure contained therein as it relates to the timing of the enactment of the Zoning Ordinance.

The essence of the disagreement as set forth in the Petition is to the conclusion drawn by the BZA that a certain structure situated on "Tract 2A" (hereinafter as "the subject parcel") was not a mobile home as defined by the Zoning Ordinance of the Town of The Plains, but a single family dwelling and thus not a non-conforming use.

The Petitioner contends *inter alia* that the structure on the subject parcel was a mobile home/trailer at the time of its installation on the property and that its character remains unchanged to the present time.

As previously stated, the final Order of the Board of Zoning Appeals in this matter sets forth the facts and these will be summarized to some extent in this opinion. Sometime in the early sixties, a structure which can only be described as a mobile home was placed on the subject parcel in the Town of The Plains upon a cinderblock foundation. Attached and adjacent to this trailer was constructed a two-room wooden building with "German siding" on the outside. A tarpaper roof was built over both structures.

The present configuration of these structures was shown on a plat, which was attached as Item 21, and by photographs which were attached as Item 29 in Plaintiff's Exhibits. At the time of the construction and installation of this dwelling unit, the Town of The Plains did not have a Zoning Ordinance. Subsequently, on October 16, 1978, a Zoning Ordinance was enacted which included, *inter alia*, in Section 15 and also attached as Item 30 of Plaintiff's Exhibit that:

> A mobile home is a single-family dwelling designed for transportation, after fabrication, as a single unit on streets and highways, on its own wheels or on flatbed or other trailers, and arriving at the site where it is to be occupied as a dwelling complete and ready for occupancy, except for minor and incidental unpacking and assembly operation, location on jacks or permanent foundations, connection to utilities and the like.

Further, the said Ordinance defined a single family dwelling unit as "a structure arranged or designed to be occupied as one (1) dwelling unit [which] *excludes* mobile home as defined." (Emphasis added.)

It is uncontested that any structure commonly described as a mobile home could not be placed henceforth on a single family dwelling lot within the Town of The Plains.

Considerable discussion was held at the hearing before the BZA in September in reference to whether or not this unit was a mobile home or a single family dwelling. Members of the BZA also took a site visit. It was after argument and receipt of evidence that the BZA voted unanimously to affirm the determination of the Zoning Administrator that, as of the effective date of the Zoning Ordinance, this unit was no longer a mobile home.[1]

This Court is being called upon to determine the rather narrow issue of the correctness of the findings of the BZA in reference to the subject structure. This Court is guided by Va. Code § 15.2-2314. That Code Section provides in pertinent part that an appeal from the Board of Zoning Appeals upon the determination of the Zoning Administrator, "shall be presumed to be correct." That presumption, of course, may be rebutted by the presentation of argument and evidence.

As previously stated, the crux of this case is the characterization of this particular structure as either a mobile home or a single family dwelling. It is undisputed that this structure was a mobile home at the time it was placed upon the lot, but the question presents whether the construction of the wooden structure adjacent and attached to the mobile home changed the character of the structure.

The definition of mobile home as set forth in the Ordinance is unambiguous. The Petitioner cites the recent case of *Forrester v. Hall*, 265 Va. 293 (2003), in support for their position of once a mobile home always a mobile home. In that case, the Supreme Court had to determine whether the placement of mobile home violated restrictive covenants in a subdivision. The trial court found that the structures initially were mobile homes, but "once these structures were annexed to the land they were no longer the type of mobile homes contemplated by the language of the restriction." *Id.* at 302. Therefore, there was no violation of the covenant. The Supreme Court reversed stating:

The structures placed on their lots by their landowners were mobile homes *when originally placed there* and they remain mobile homes in

---

[1] Earlier, on February 10, 2002, the Zoning Administrator issued a letter stating that the unit was a nonconforming use, but such use had not been abandoned. The Petitioner appealed that decision and the Zoning Administrator reversed his earlier determination and issued a new determination which is the subject of this proceeding.

the meaning of the restrictive covenant as written by the developers of the subdivision.

*Id.* (emphasis added).

A critical fact in the *Forrester* case, which distinguishes it from the case at Bar, is that the mobiles homes were placed on the lots *after* the creation of the subdivision and conveyance of the deeds within the subdivision. Here, the structure did not come into existence for the purpose of the subdivision ordinance until 1978, well after the installation and modification of the subject dwelling.

In construing statues, it is important for the Court to consider, particularly in a case such as this, the primary purpose for which the statute was enacted. See *Vepco* v. *Prince William Co.*, 226 Va. 382, 388 (1983). It seems apparent from the comments of counsel and a Member of the BZA that the purpose of this Ordinance was to prevent mobile homes from being brought into the Town after the enactment of the Ordinance.

> With respect to Mr. Fallon's argument that we can become a Town of mobile homes, I submit that, if this Zoning Ordinance existed in 1959, prior to the time that the structure was delivered to the property and had all the improvements on it, then it would indeed be illegal and I think that would be the case now that we have a Zoning Ordinance prohibiting anything that would have happened subsequent to 1978.

(Transcript of BZA Hearing, July 24. 2002, p. 79.)

It was clear from reading the context of the Transcript, that the Board believed that the outcome of that hearing would not effect the future application of the Zoning Ordinance in terms of its general prescription against mobile homes. In construing this Ordinance, the Court has to apply the Ordinance in reference to the conditions of the structure that existed at the time of the passage of this Zoning Ordinance, see *The Town of Front Royal* v. *Martin Media*, 201 Va. 287, 293 (2001).

"It is the duty of the courts to give effect, if possible, to every word of the written law." *Burnette* v. *Commonwealth*, 194 Va. 785, 788 (1953). In the Ordinance, the definition of mobile home is stated in part to be a "single unit" designed for transportation on the streets. The BZA found in paragraph 2 of its conclusion, that the "totality of the structure must be evaluated at that time" being the time of the effective date of the Ordinance. It is clear from reviewing the structure in the photograph and in person, that the entire unit, including the

wooden structure, which had become an integral part of the entire unit, could not be transported as a single unit on the streets and highways.

While an initial portion of this unit could have been transported, again the Court must look at the unit *as it existed* at the time of the enactment of the Ordinance. This fact is what distinguishes this situation from the case in *Forrester*. The BZA, after careful consideration, concluded that the subject structure was not a mobile home as of the effective date of the Zoning Ordinance. This Court cannot conclude based upon the evidence presented that the Board's decision is plainly wrong.

The fact that one of the members of the BZA may have made some ill advised comments during the course of the proceedings, does not change the conclusion of the Court nor call into question the final order that was adopted by the Board as a whole.

Further, the fact that there is no record of a building permit having been obtained by the original owner is merely a red herring, and no portion of the Zoning Ordinance as it applies to this case requires obtaining a building permit.

Therefore, the Court will affirm the decision of the Board of Zoning Appeals and dismiss the Petition.